**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEFFREY A. DANIK           )
13590 Brightstone Street      )
Wellington, FL 33414         )
                                )
          Plaintiff,     )
                                )     Civil Action No.
v.                           )
                                )
U.S. DEPARTMENT OF JUSTICE, )
950 Pennsylvania Avenue, N.W.  )
Washington, DC 20530-0001,    )
                                )
          Defendant.    )
_____)

## COMPLAINT

Plaintiff Jeffrey A. Danik brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.    Plaintiff Jeffrey A. Danik is a retired, supervisory special agent, who worked for the Federal Bureau of Investigation for almost 30 years.

4.    Defendant U.S. Department of Justice is an agency of the United States Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.  Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5.      On October 25, 2016, Plaintiff submitted a FOIA request, by electronic mail, to the FBI, a component of Defendant, seeking various types of records concerning FBI Deputy Director Andrew McCabe.  The request had four subparts to it, each of them with a date range of January 2015 to October 2016

6.      Subpart one of the October 25, 2016 request sought text messages and emails of McCabe discussing "conflicts of interest," McCabe's wife's (Dr. Jill McCabe's) political campaign, or McCabe's reporting to the FBI of any job interviews or offers.  It also sought text messages and emails of McCabe containing "Common Good VA," "Terry McAuliffe," "Clinton," "Virginia Democratic Party," or "Jill McCabe," as well as any variations of those terms.  In addition, Plaintiff identified the following three records systems that he sought to be searched:

- FBI internal UNCLASSIFIED email system (INTRANET);

- FBI external UNCLASSIFIED email system (internet café or IC); and

- Texts on any official FBI issued devices such as phones.

7.      Subpart two of the October 25, 2016 request sought McCabe's financial disclosure forms.

8.      Subpart three of the October 25, 2016 request sought entries for McCabe in the FBI's Enterprise Process Automation System concerning conflicts of interest, job interviews and employment offers, and Dr. McCabe's political campaign.

9.      Subpart four of the October 25, 2016 request sought records and reports of FBI officials who were assigned to monitor political contributions to Dr. McCabe's campaign to ensure that subjects of FBI investigations over which McCabe had control were not contributing money.

10.     By letter dated November 8, 2016, the FBI acknowledged receiving Plaintiff's October 25, 2016 FOIA request.  In addition, the FBI informed Plaintiff that it was assigning each subpart of the request a separate FOIA/PA Request Number.

11.     Of relevance here, subpart one of the October 25, 2016 FOIA request was assigned FOIA/PA Request Number NFP-61739.

12.     By letter dated November 8, 2016, the FBI denied FOIA/PA Request Number NFP-61739, asserting that it did not reasonably describe the records Plaintiff sought.

13.     On December 16, 2016, Plaintiff administratively appealed the FBI's November 8, 2016 determination with respect to FOIA/PA Request Number NFP-61739.

14.     By letter dated June 14, 2017, the Office of Information Policy, another component of Defendant, granted Plaintiff's administrative appeal and remanded FOIA/PA Request Number NFP-61739 to the FBI for a search for responsive records.

15.     By letter dated July 10, 2017, the FBI acknowledged receiving the remanded appeal concerning FOIA/PA Request Number NFP-61739.

16.     As of the date of this Complaint, with respect to the remanded appeal concerning FOIA/PA Request Number NFP-61739, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold

and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

17.     On February 28, 2017, Plaintiff also submitted a FOIA request to the FBI, using the FBI's eFOIA system.

18.     The February 28, 2017 FOIA request was similar, but not identical, to FOIA/PA Request Number NFP-61739.  Specifically, the request sought text messages and emails of McCabe containing "Dr. Jill McCabe," "Jill," "Common Good VA," "Terry McAuliffe," "Clinton," "Virginia Democratic Party," "Democrat," "Conflict," "Senate," "Virginia Senate," "Until I return," "Paris," "France," "Campaign," "Run," "Political," "Wife," "Donation," "OGC," Email," or "New York Times."  Plaintiff also identified the time frame for the request as January 1, 2015 to February 28, 2017 and identified the following three records systems that he sought to be searched:

- FBI internal UNCLASSIFIED email system (INTRANET);

- FBI external UNCLASSIFIED email system (internet café or IC); and

- Texts on any official FBI issued devices such as phones.

19.     By letter dated March 27, 2017, the FBI acknowledged receiving Plaintiff's February 28, 2017 FOIA request and assigned it FOIA/PA Request Number 1369822-000.

20.     As of the date of this Complaint, with respect to Plaintiff's February 28, 2017 FOIA request, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

21.     Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and

Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with

FOIA.

23.     To trigger FOIA's administrative exhaustion requirement with respect to

Plaintiff's remanded appeal concerning FOIA/PA Request Number NFP-61739 and Plaintiff's

February 28, 2017 FOIA Request, Defendant was required to determine whether to comply with

the requests within the time limits set by FOIA.  Accordingly, Defendant's determinations were

due on or about August 7, 2017 and April 24, 2017, respectively.  At a minimum, Defendant was

obligated to: (i) gather and review the requested records; (ii) determine and communicate to

Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the

reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately

specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington*

*v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

24.     Because Defendant failed to determine whether to comply with Plaintiff's

remanded appeal concerning FOIA/PA Request Number NFP-61739 and Plaintiff's February 28,

2017 FOIA Request within the time required by FOIA, Plaintiff is deemed to have exhausted his

administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to

conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-

exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 1, 2017

Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*